FILED

IN THE UNITED STATES DISTRICT COURT·17 AUG 15  PM 1:00
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

ANGELIA SWANSON,                               CASE NO.: 3:17-cv-931-J-34JBT

Plaintiffs,

v.                                             [formerly County Court
                                               for    Duval    County,
                                               Florida, Case No.: 2017-
                                               CA-004391]

SELECT PORTFOLIO SERVICING, INC.,

Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, SELECT PORTFOLIO SERVICING, INC., hereby removes Case No.

2017-CA-0004391 from the  Circuit Court, Fourth Judicial Circuit, in and for Duval County,

Florida, to the United States District Court, Middle District of Florida, Jacksonville Division,

pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and as grounds for its removal states as

follows:

### I. STATEMENT OF CASE[1]

1.      On or about July 12, 2017, Plaintiff filed a Complaint in Circuit Court for the

Fourth Judicial Circuit, in and for Duval County, Florida, styled *Angelia Swanson v. Select

Portfolio Servicing, Inc.*, Case No.:  2017-CA-004391 (the "State Court Action" and the

"Complaint").  A copy of the Complaint is attached hereto as Exhibit "B."

---

[1] A copy of the docket from the State Court Action is attached hereto as Exhibit "A,"

1295316.1

2.     On July 20, 2017, the undersigned filed a Notice of Appearance in the State Court Action on behalf of Defendant. A copy of the Notice of Appearance is attached hereto as Exhibit "C."

3.     On August 4, 2017, the undersigned filed an agreed Motion for Extension of Time to respond to the Complaint. A copy of the Motion for Extension is attached hereto as Exhibit "D."

4.     Defendant has not taken any other action in the State Court Action.

5.     The Complaint purports to assert a cause of action based on the Telephone Consumer Practices Act (TCPA) and the Florida Consumer Collection Practices Act (the "FCCPA").

## II. FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331

6.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which provides: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.     Plaintiff's alleged claim in the State Court Action arises pursuant to federal law, i.e., the TCPA 47 U.S.C. § 227, et seq., See Compl. Thus, this action states a basis for original subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227, and therefore this removal is made pursuant to 28 U.S.C. § 1441(a).

## III. DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

### A.     Complete Diversity Exists.

8.     This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332. This action may be removed pursuant to 28 U.S.C. § 1332. This action may be removed to this

Court pursuant to 28 U.S. C. § 1441(b) because this action is between parties that are not citizens of the same state, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9.      Plaintiff is a citizen of Florida.[2]

10.     Defendant is incorporated in the State of Utah, and maintains its principal place of business in Utah. Accordingly, Defendant is a citizen of the State of Utah.

11.     As Plaintiff is a citizen of Florida and Defendant is a citizen of Utah, complete diversity exists between the parties.

**B.     The Amount in Controversy exceeds $75,000.00.**

12.     In her Complaint, Plaintiff seeks statutory and treble damages for two hundred ten calls under 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(b)(3)(c). *See* Paragraph 8 and Wherefore Clause.

13.     The damages under the cited statute provides for $500.00 per violating call and up to three times that amount for willful violations. As such, with two hundred ten calls alleged that amounts to at least $105,000.00. Therefore, based on the value of the relief sought by Plaintiff in the Complaint, the amount in controversy exceeds $75,000.00.

**IV. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

14.     The remaining counts of the Complaint, which are based on the Florida Consumer Collection Practices Act, all relate to the same set of facts as the federal claims, and therefore this Court has supplemental jurisdiction over the same in accordance with 28 U.S.C. §§ 1367(a) and/or 1441(c). *See generally* Compl.

---

[2] *See* Complaint at paragraph 3.

3

15.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and documents from the State Court Action available to the Defendant have been attached to this Notice of Removal.

16.     Removal is timely in accordance with 28 U.S.C. § 1441(b).  Specifically, this removal has been filed within thirty (30) days of filing of the Complaint, which first asserted the federal TCPA claim. See Exhibit A.

17.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Middle District of Florida, Jacksonville Division, is the federal judicial district embracing the County Court for Duval County, Florida.

18.     Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal in the State Court Action, and give written notice of the removal of this action to Plaintiff.

## IV. CONSENT TO REMOVAL BY OTHER NAMED DEFENDANTS

19.     U.S.C. §1446(b)(2)(A) requires all other Defendants that have been properly named and served to consent to the removal.  There is no other defendant named in the state court action, and therefore this removal is compliant with 28 U.S.C. § 1446(b)(2)(A).

## V. CONCLUSION

By this Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action.  Defendant intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions, and/or pleas.

4

If any question should arise as to the propriety of the removal of this action, Defendant requests the opportunity to submit a brief and present oral argument in support of its position that this case has been properly removed. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

Respectfully submitted,

McGLINCHEY STAFFORD

/s/Gabriel M. Hartsell
R. Carter Burgess, Esq.
Florida Bar # 58298
Gabriel M. Hartsell, Esq.
Florida Bar #89345
10407 Centurion Parkway N., Suite 200
Jacksonville, FL 32256
(904) 224-4499 (telephone)
(904) 212-1828 (facsimile)
cburgess@mcglinchey.com
ghartsell@mcglinchey.com

**ATTORNEYS FOR DEFENDANT**

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished, via the following manner, this 11th day of August, 2017, to the following:

### VIA E-FILING PORTAL

Ryan G. Moore, Esq.
First Coast Consumer Law
340 Third Avenue South, Suite A
Jacksonville Beach, FL  32250-6767
pleadings@firstcoastconsumerlaw.com
Attorneys for Plaintiff

/s/Gabriel M. Hartsell
Attorney